UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DORA CASTRO,

                Plaintiff,

     -against-

TARGET CORPORATION,

                Defendant.

------------------------------------------------------------X

**DECISION AND ORDER**
14-cv-526 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge**

Dora Castro ("Plaintiff") brought a complaint against Target Corporation ("Defendant") on account of injuries that she sustained when she slipped on some folders and fell to the floor while shopping at a Target Store. Dkt. 1, pg 6-8 ("Compl.") at ¶ 11. Defendant now moves for summary judgment, arguing Plaintiff cannot meet her burden to show Defendant created the dangerous condition which caused Plaintiff to fall, and further cannot meet her burden to show Defendant had actual or constructive notice of the dangerous condition. Dkt. 18-11 ("Memo for SJ") at 3, 7-9. Plaintiff contests both of Defendant's arguments. Dkt. 19 ("Aff. In Opp.") at ¶¶ 10, 12. For the reasons set forth below, Defendant's motion for summary judgement is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

The following facts are either undisputed or described in the light most favorable to Plaintiff, the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

On the afternoon of August 18, 2013, Plaintiff was shopping in the back-to-school section at Target with her six-year-old son. Compl. at ¶11; Dkt. 19-2 ("P's Rule 56.1 Statement") at ¶¶ 1-5. Just after they turned down an aisle, Plaintiff slipped on approximately four or five plastic folders that were on the floor. P's Rule 56.1 Statement at ¶ 6. Plaintiff's son took a photo of her while she was still on the floor. *Id.*

Plaintiff does not know how the folders got on the floor or how long they were on the floor before her accident. P's Rule 56.1 Statement at ¶¶ 7-8.. Further, Plaintiff did not see the folders on the floor prior to falling. *Id.* at ¶ 22. Plaintiff does admit that, when she grabbed at a shelf to stop her fall, she knocked some black and white notebooks off the shelf. *Id.* at ¶¶ 26-27. All of the folders, however, were on the floor at the time of Plaintiff's accident. *Id.* at ¶ 27.

Defendant's employee Steven Riley ("Riley") responded to Plaintiff's accident, and a manager, Daysi Manzano ("Manzano"), also responded after Riley contacted her. *Id.* at ¶¶ 7-8. Riley and Manzano completed accident reports and witness statements. *Id.*

Riley does not remember whether he was in the aisle before the accident, but he confirmed that there were approximately six folders on the floor of the aisle when he responded to Plaintiff's accident. *Id.* at ¶¶ 11-12. Riley states, however, that if he had seen folders in the aisle, "his procedure would have been to pick them up immediately." *Id.*

Manzano was in the aisle at some point prior to the accident "making sure there was nothing on the floor," and remembers observing Riley place merchandise on the shelves. *Id.* at ¶¶ 43-44. Manzano cannot remember if the merchandise Riley was putting away were folders or some other type of merchandise. *Id.* at ¶ 44.

Based on the foregoing facts, Plaintiff filed a Complaint in state court alleging that the Defendant is liable for her injuries due to Defendant's negligence. Dkt. 1 ("Notice of Removal").

**Procedural History**

Defendant removed this action to federal court on January 24, 2014 based on diversity. Notice of Removal. On January 7, 2015, Defendant filed a motion for summary judgment. Memo for SJ. In its motion, Defendant argues that Plaintiff (1) cannot meet her burden to show

Defendant created the dangerous condition which caused Plaintiff to fall, and (2) cannot meet her burden to show Defendant had actual or constructive notice of the dangerous condition. Memo for SJ at 3, 7-9. Plaintiff disputes Defendant's motion and argues (1) Defendant caused the hazardous condition that caused Plaintiff to fall and (2) Defendant had actual and constructive notice of the dangerous condition. Aff. In Opp. at ¶¶ 14-44. The Court will address each of the issues raised in turn.

## DISCUSSION

### I. Legal Standard

A court appropriately grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The moving party must meet its burden by pointing to evidence in the record, including depositions, documents, affidavits, or other materials which it believes demonstrates the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1)(A), (2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In determining whether summary judgment is appropriate, [the] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to perform "the threshold inquiry of whether there is the need for a trial[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

3

If the moving party fulfills its preliminary burden, the burden shifts to the non-movant to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1). Statements that are devoid of specifics and evidence that is merely colorable are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citing *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)).

**II.   Analysis**

As an initial matter, New York substantive law will govern this instant motion because this is a diversity action based on events occurring in New York. *Casiano v. Target Stores*, 06-CV-6286, 2009 WL 3246836, at *3 (E.D.N.Y. Sept. 24, 2009) (Gershon, J.) "Under New York law, in order to establish a *prima facie* case of negligence, a plaintiff must show: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the plaintiff suffered damages as a proximate result of that breach." *Id.* "[T]o prove breach in a slip and fall case, the burden is on the plaintiff to establish that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition which caused the fall. *Id.*

Here, Defendant does not contest that it owed a duty to Plaintiff. Thus, the only questions on summary judgment are whether Plaintiff has met her initial burden of showing that Defendant either created the dangerous condition or, in the alternative, had actual or constructive notice of the condition which caused Plaintiff's injury. The Court will address each in turn.

### A. Whether Defendant Created the Dangerous Condition

Defendant first argues that Plaintiff cannot meet her burden to show Defendant created the dangerous condition which caused Plaintiff to fall. Memo for SJ at 3-7. Plaintiff suggests that Riley, a Target employee, created the condition because he was stocking shelves in the aisle before her accident. *Id.* at 3. Defendant argues that this is speculative and does not create an issue of fact. *Id.*

Plaintiff uses three pieces of evidence to support her allegation that Riley created the hazardous condition of causing the folders to be on the floor of the aisle. First, Plaintiff relies on the testimony of Manzano, a manager, who stated that she saw Riley in the aisle about ten to fifteen minutes prior to the accident placing back-to-school merchandise on the shelves. Dkt. 18-7, Ex. F ("Manzano Dep.") at 62:7-64:7. Second, Plaintiff relies on the testimony of Riley, who says that he cannot remember whether he was in the aisle earlier that day. Dkt. 18-8, Ex. G ("Riley Dep.") at 30:20-34:22. Third, Plaintiff uses the photograph taken by Plaintiff's son, which shows the folders on the floor as well as Plaintiff on the floor. Dkt. 18-6, Ex. E ("Photo of Accident"). Plaintiff also alleges that the photograph shows a box of merchandise sitting next to the shelves, which suggests that an employee had been stocking the shelves recently with merchandise from the box.

Defendant argues that Plaintiff's evidence is insufficient to create material issues of fact for numerous reasons. First, Defendant tries to rebut Plaintiff's reliance on Manzano's testimony by highlighting that Manzono also testified that she also observed Riley at the same time that she was "making sure the zone was great, making sure there was nothing on the floor and just making sure there was someone in that area." Manzano Dep. at 63:17-22. Based on this

5

testimony, Defendant argues that the evidence establishes there was nothing on the floor of the aisle when Manzano saw Riley there.

Second, Defendant tries to undermine Plaintiff's reliance on Riley's testimony by establishing that Riley also testified that if he saw something on the floor, he would have picked it up immediately. Riley Dep. at 33:22-34:8. As such, according to Defendant, Riley's own testimony disputes an inference that he caused the folders to end up on the floor, thereby creating a dangerous condition.

Last, Defendant argues that the pure existence of an identified box on the floor does not in it of itself prove that it is a merchandise box, nor is it proof that an employee of Defendant caused the folders to be on the floor due to negligent stocking of shelves. *See* Photo of Accident; Dkt. 20-1 ("Reply") at 2-3. Essentially, according to Defendants, the picture alone does not prove anything.

Notwithstanding Defendant's attempts to poke holes in Plaintiff's evidence, Plaintiff's has produced sufficient evidence to create an issue of material fact as to whether Defendant created the hazardous condition. It is impossible to say at this juncture that the evidence taken together "does not support a reasonable inference that [Defendant's] employee created the [hazardous condition.]" *Doona v. One Source Holdings, Inc.*, 680 F. Supp. 2d 394, 404 (E.D.N.Y. 2010) (Irizarry, J.) (internal citation omitted).

Here, the sum of the evidence Plaintiff relies on creates a reasonable inference that Defendant's employee created the dangerous condition. For example, although Manzano's deposition testimony states that there was nothing on the floor at the time she saw Riley in the aisle, the deposition testimony of Manzano nonetheless establishes that Riley was present in the

6

aisle and therefore could have created the hazardous condition after Manzano left the area. Manzano Dep. at 63:17-22.

Similarly, Plaintiff is able to rely on Riley's deposition to suggest there is a material issue of fact as to whether Riley was in the aisle. This issue is unchanged by Riley's testimony that he would have picked anything on the floor up, as Riley's credibility is uncertain given that he cannot remember whether he was in the aisle in the first place. Riley Dep. at 33:22-34:8.

Lastly, Defendant has provided no evidence that the box in the folder, as seen in the photo of the accident produced by Plaintiff, is not a box of folders. Without Defendant having raised the issue with some evidence, the burden has not shifted to Plaintiff to refute the evidence on summary judgment. Further, Plaintiff's insistence that the box in the photo is a merchandise box, when combined with the issues raised by Manzano's and Riley's testimony, creates an issue of material fact. Dkt. 19-1 ("P's Affidavit") at ¶ 25 (not identifying merchandise in the box).

Based on the foregoing, Plaintiff has presented sufficient evidence to establish that a material issue of fact exists vis à vis whether or not Defendant created the hazardous condition such that summary judgment is inappropriate at this stage. Plaintiff will bear the burden of proof at trial, but the Court finds that sufficient issues have been raised at this juncture to preclude a grant of summary judgment in Defendant's favor. Nonetheless, drawing all inferences in Plaintiff's favor, the Court DENIES Defendant's motion for summary judgment on the question of whether Defendant created the condition.

## B. Whether Defendant had Actual Notice of the Condition

Defendant next moves for summary judgment on the issue of whether Defendant had actual notice of the folders on the floor. "To constitute actual notice, a plaintiff must prove that the defendant received a report or was otherwise aware of the dangerous condition." *Thaqi v.*

*Wal-Mart Stores E., LP*, 09-CV-755, 2014 WL 1330925, at *4 (E.D.N.Y. Mar. 31, 2014) (Azrack, Mag. J.) (citation omitted). Plaintiff has made no allegations much less provided any evidence that Defendant had actual notice of the folders on the aisle floor before Plaintiff's accident. Therefore, the Court GRANTS Defendant's motion for summary judgment on the question of whether Defendant had actual notice.

### C. Whether Defendant had Constructive Notice of the Condition

Lastly, Defendant moves for summary judgment that Defendant did not have constructive notice that the folders were on the aisle floor before Plaintiff's accident.

"To establish that a defendant has constructive notice of a dangerous condition, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Id.* at *5 (internal quotation marks and citations omitted). "A court must examine the facts of each case . . . to determine whether the plaintiff has proven notice of a dangerous condition at a level of specificity sufficient to support liability." *Diaz v. Calabrese*, 13-CV-1531, 2014 WL 6883517, at *10 (E.D.N.Y. Dec. 4, 2014) (Ross, J.) (internal quotation marks and citation omitted). Evidence that the "condition had been present for a substantial period of time . . . together with testimony that the area where plaintiff fell is subject to regular inspection and cleaning[] is sufficient to allow a finding of constructive notice to defendants." *Giuffrida v. Metro N. Commuter R.R. Co.*, 279 A.D.2d 403, 404 (1st Dep't 2001) (internal citations omitted). Because there has been no allegation from either party that the folders on the floor were not visible or apparent, the Court will only address whether the folders were on the floor for a sufficient length of time to permit Defendant's employees to discover them and pick them up.

Defendant claims summary judgment is appropriate because Plaintiff has provided no evidence that Defendant had constructive notice of the folders on the aisle floor before Plaintiff's accident.

Plaintiff, however, has produced sufficient evidence to create a triable issue of material fact. To support the argument that Defendant had constructive notice, Plaintiff uses Manzano's testimony to show that employees were frequently in the area where Plaintiff fell. Manzano's testimony establishes that, as manager, Manzano was "constantly walking the floor" and "ensuring that there is nothing on the floor for safety and guest experience." Manzano Dep. at 16:5-17:16. Manzano's testimony also reveals that team members are responsible for monitoring their areas "all the time . . . they are responsible for that at all times." *Id.* at 19:16-25. Based on Manzano's testimony, Plaintiff has created a triable question as to whether there was a pattern of continuous patrol by Defendant's employees such that Defendant should have known of, and therefore had constructive notice of, the folders on the floor. *See, e.g., Giuffrida*, 279 A.D.2d at 404 (citations omitted).

Plaintiff also uses Manzano's testimony to establish that a sufficient length of time elapsed between when the folders landed on the floor and Plaintiff's accident such that Defendant should have known of the condition. Plaintiff points to Manzano's testimony that she did not see anything on the aisle floor ten to fifteen minutes before the accident, but that she had not been back to the aisle since then, to indicate that the folders could have been on the floor for up to ten to fifteen minutes without Manzano seeing them. *Id.* at 62:7-64:7. Further, Plaintiff argues that Manzano's description of the employees' continuous patrolling indicates that employee's should have checked on the aisle, but that the alleged patrolling is not enough to suggest a specific inspection or cleaning procedure took place at any time between Manzano's

glance down the aisle and Plaintiff's accident. *See* Aff. In Opp. at ¶¶ 36-37. Riley's testimony could also raise doubt as to when the aisle was last inspected since Riley, who was supposedly the last employee in the aisle, testified that he was in the fifth floor stockroom less than fifteen minutes before Plaintiff's accident, but could not remember where he had been prior to that. *Id.* at 40; Riley Dep. at 13:14-16.

Plaintiff's arguments create an issue of material fact as to the question of whether Defendants' employees had constructive notice of the folders on the floor. *See* Aff. In Opp. at ¶¶ 30-31 (stating that a jury could infer constructive notice from the continuous patrolling alleged by Manzano). Manzano's testimony that there was continuous patrolling of the area by employees, whether or not that patrolling would suffice as an official inspection, nonetheless creates an issue of material fact as to whether any of those patrolling employees should have known that the folders were on the floor, or should at least have checked the area more frequently than the ten to fifteen minutes that passed since Manzano had been there. Manzano Dep. at 19:16-25.

Altogether, Plaintiff has pointed to sufficient issues of material fact to defeat Defendant's motion for summary judgment on the question of whether Defendant had constructive notice of the folders on the floor in the aisle prior to Plaintiff's fall. *See, e.g., Hayes v. Cnty. of Nassau*, 557 F. App'x 49, 53 (2d Cir. 2014). This is not to say that a motion for a directed verdict at the end of Plaintiff's case at trial might not lie, but only to find that sufficient issues have been raised to preclude a grant of summary judgment in Defendant's favor. Therefore, the Court DENIES Defendant's motion for summary judgment on the question of whether Defendant had constructive notice.

## CONCLUSION

Accordingly, on the basis of the record and law as set forth above, the Court GRANTS the Defendant's motion for summary judgment of no actual notice, but DENIES the Defendant's motion for summary judgment on the issues of the creation of the dangerous condition and of constructive notice. Trial in this action will be scheduled as soon as the parties have confirmed that discovery has been completed.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: March 30, 2015
Brooklyn, New York